UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

MARASH VUCINAJ,

                                       Plaintiff,        **STIPULATION AND**
                                                             **PROTECTIVE ORDER**

               -against-

                                                                18-CV-07606 (LGS)

NEW YORK CITY POLICE DEPARTMENT, and
THE CITY OF NEW YORK,

                                       Defendants.

------------------------------------------------------------------x

        **WHEREAS**, Plaintiff has sought certain documents from Defendants in discovery in this action, documents which Defendants deem confidential, and

        **WHEREAS**, Defendants object to the production of those documents unless appropriate protection for their confidentiality and the confidentiality of the information contained therein is assured,

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the parties, as follows:

        1.     As used herein, "Confidential Materials" shall mean any personnel records, other than the Plaintiff's, and any personal information, medical records, financial documents, disciplinary files, Equal Employment Opportunity ("EEO") complaints, promotional paperwork, and the information contained therein, regarding third parties, except that such documents and information shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are (a) obtained by Plaintiff from sources other than Defendants, or (b) are otherwise publicly available.

2. Plaintiff shall not use the Confidential Materials for any purpose other than for the preparation or presentation of Plaintiff's case in this action.

3. Plaintiff shall not disclose the Confidential Materials to any person, except under the following conditions:

    a. Disclosure may be made only if necessary to the preparation or presentation of Plaintiff's case in this action.

    b. Disclosure before trial may be made only to the Plaintiff, to an expert who has been retained or specially employed by Plaintiff in anticipation of litigation or preparation for this action, to a witness at deposition or any individual who has been identified as a potential trial witness, or to the Court.

    c. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), Plaintiff shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit "A," not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case. The signed consent shall be retained by Plaintiff and a copy shall be furnished to Defendants' attorneys upon their request.

4. Deposition testimony concerning any Confidential Materials which reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover

page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

5. Where Plaintiff wishes to include any documents containing Confidential Materials or which reveal the contents thereof in any Court filing, they must contact Defendants at least 5 business days in advance of such filing, and request the filing of redacted documents pursuant to Judge Schofield's Individual Practices and Rules. Alternatively, Defendants may waive the confidential designation, at which point Plaintiff, if he/she desire, may request the filing of redacted documents pursuant to Judge Schofield's Individual Rules of Practice in Civil Cases.

6. This Protective Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. All documents or information that has been deemed Confidential pursuant to this Order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Within 30 days after the termination of this case, including any appeals, the Confidential Materials, including all copies, notes, and other materials containing or referring to information derived therefrom, shall be returned to Defendants' attorneys or, upon their consent, destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to Defendants' attorneys.

7. Nothing in this Stipulation and Protective Order shall be construed to limit Defendants' use of the Confidential Materials in any manner.

Dated:     New York, New York
           March 29, 2019

**MARASH VUCINAJ**
Plaintiff *pro se*
86-48 110th Street
Richmond Hill, New York 11418
Tel. (718) 200-5828
E-mail: Marash.Vucinaj@nypd.org

By: _____
    Marash Vucinaj
    Plaintiff *pro se*

**ZACHARY W. CARTER**
Corporation Counsel of the City of New York
Attorney for Defendants
100 Church Street, Room 2-107
New York, New York 10007-2601
Tel. (212) 356-3177
E-mail: TKatims@law.nyc.gov

By: _____
    Tova Katims
    Assistant Corporation Counsel

**SO ORDERED**

_____        _____
         Date                                       U.S.D.J.